1  Juli E. Farris (SBN 141716)
   KELLER ROHRBACK, L.L.P.
2  1201 Third Avenue, Suite 3200
   Seattle, Washington 98101
3  Telephone: (206) 623-1900
   Facsimile: (206) 623-3384
4  jfarris@kellerrohrback.com

5  Matthew Righetti (SBN 121012)
   RIGHETTI LAW FIRM, P.C.
6  456 Montgomery Street, Suite 1400
   San Francisco, CA 94104
7  Telephone:  (415) 983-0900
   Facsimile: (415) 397-9005

8  Attorneys for Plaintiffs

9              UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
10             SAN FRANCISCO DIVISION

11

12 | GREGORY JOHNSON, WILLIAM          | No. CV 07 80247 MISC (CRB)
   | RODWELL, EDWARD RANGEL, AND       |
13 | KELLY MORRELL,                    | Pending in the United States
   |                                   | District Court, for the Eastern
14 |              Plaintiffs,          | District of California:
   |        v.                         | No. 2:05-cv-02046 RRB KJM
15 |                                   | (Lead Case-Consolidated)
16 | CLAIR R. COUTURIER, JR.; DAVID R. |
   | JOHANSON; ROBERT E. EDDY; JOHANSON | **DECLARATION OF GARY D.**
17 | BERENSON LLP; AND PENSCO, INC.,   | **GREENWALD IN SUPPORT**
   |                                   | **OF PLAINTIFFS' RESPONSE**
18 |              Defendants,          | **TO DAVID JOHANSON'S AND**
   |                                   | **JOHANSON BERENSON**
19 | and                               | **LLP'S MOTION TO ENFORCE**
   |                                   | **DEPOSITION SUBPOENA OR**
20 | THE EMPLOYEE OWNERSHIP HOLDING    | **IN THE ALTERNATIVE FOR**
   | COMPANY, INC. EMPLOYEE STOCK      | **A PROTECTIVE ORDER**
21 | OWNERSHIP PLAN; NOLL              | **MOVING THE DEPOSITION**
   | MANUFACTURING COMPANY; N & NW     | **TO SAN FRANCISCO**
22 | MANUFACTURING HOLDING COMPANY,    |
   | INC.; AND THE EMPLOYEE OWNERSHIP  |
23 | HOLDING COMPANY, INC.             | **Date:  To Be Determined**
   |                                   | **Time:**
24 |              Nominal Defendants.  | **Courtroom:**
   |                                   | **Judge:**
25

26

                             1

1

2

3

4

5

6

7

8

| | |
|---|---|
| DARLENE STANTON, | No. 2:07-CV-01208 WBS-JFM |
| Plaintiff, | (Consolidated under 2:05-CV-02046 RRB KJM) |
| v. | |
| CLAIR R. COUTURIER, JR., et al. | |
| Defendants. | |

9      Gary D. Greenwald, declares and states as follows:

10      1.      I am an attorney admitted to practice before this Court and am associated with

11   the law firm of Keller Rohrback, PLC, counsel for Plaintiffs Gregory Johnson, Edward

12   Rangel, Kelly Morrell and Darleen Stanton.  I make this Declaration upon personal

13   knowledge and would be competent to testify to all matters contained herein if I was called

14   and sworn to testify as a witness.

15

16      2.      Declarant served a deposition notice and subpoena scheduling the deposition

17   of Tom McIntosh in Walnut Creek, California to commence on May 23, 2007.  The date and

18   location of the deposition was requested by Mr. McIntosh and his son, Bruce McIntosh, who

19   is serving as legal counsel for Mr. McIntosh.

20      3.      Subsequently, Defendants' counsel filed a Motion for Protective Order to delay

21   the deposition, which Motion was granted.  The Order of the Eastern District Court of

22   California (Sacramento), dated June 13, 2007, stayed discovery pending resolution of a

23   motion to dismiss for 60 days, whichever occurs first.  (*Johnson, et al. v. Courturier, et al.*,

24   Eastern District of California Case No. 2:05-cv-02046, Dkt. 183.)

25

26

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4.      After passage of the 60 days, on or about September 12, 2007, Declarant issued an amended notice and Subpoena from the Eastern District Court of California (Sacramento) rescheduling the Tom McIntosh deposition by agreement on November 12 and 13, 2007.  Once again, the deposition was scheduled in Bruce McIntosh's law office in Walnut Creek, at the request of Tom and Bruce McIntosh.  A true copy of the amended notice and subpoena from the Eastern District is attached hereto as Exhibit A and incorporated herein by reference.

5.      For reasons that make limited sense to Plaintiffs' counsel, the defense attorneys have objected to the Walnut Creek location and have demanded a San Francisco location.

6.      Plaintiffs' counsel, who will be conducting the deposition (Declarant and Terrence Devine, counsel for Plaintiff Rodwell) have no particular problem with either location, but have been willing and prepared to accommodate Tom McIntosh, a 77 year-old non-party witness, in the taking of this lengthy deposition which will involve two full days of intense questioning (7 hours by Plaintiffs and 7 hours by Defendants).

7.      Declarant has never considered Walnut Creek an inconvenient location for the deposition because of the close proximity of Walnut Creek to the Oakland airport, into which Declarant will arrive from Phoenix the day before the deposition begins.

8.      In fact, Declarant has made his hotel, car rental and air travel reservations based upon a deposition in Walnut Creek and would prefer that the deposition take place there at this point in time.

9.      By Order dated October 3, 2007, Judge Magistrate Kimberly J. Mueller (Eastern District, Sacramento) refused to consider Defendants' motion to enforce deposition

1    subpoena requiring the deponent to appear for deposition in San Francisco because

2    Defendants' subpoena was invalid, having been issued by the Eastern District rather than the

3    Northern District, where the deponent resides and where the deposition would take place.  A

4    copy of Judge Mueller's Order is attached as Exhibit B and incorporated herein by reference.

5          10.     After Declarant notified Bruce McIntosh of the Order of Judge Mueller, Bruce

6    McIntosh waived any defects in the Plaintiffs' subpoena dated September 12, 2007 and

7    agreed to continue to make Tom McIntosh available in Walnut Creek on November 12 and

8    13, 2007.  A copy of the email from Bruce McIntosh waiving subpoena defects is attached

9 / 10 hereto as Exhibit C and incorporated herein by reference.

11         11.     Notwithstanding the waiver of subpoena defects, Declarant issued a new

12   subpoena from the Northern District once again requiring Tom McIntosh to appear in Walnut

13   Creek for his deposition on November 12 and 13, 2007.  Bruce McIntosh agreed to accept this

14   subpoena by email service.  A copy of Bruce McIntosh's email is attached hereto as Exhibit D

15   and incorporated herein by reference.

16         12.     Unfortunately, Declarant's paralegal was not in the office that day and a

17   substitute paralegal prepared and issued the subpoena from the Northern District.  This new

18   subpoena was inadvertently issued unsigned, bore the old issuance date of September 12,

19   2007 and was not served until a later date.

20         13.     After Defendants' counsel (Christopher Rillo) made unfounded accusations

21   that Bruce McIntosh had deceptively created the new subpoena from the Northern District,

22   Ron Kilgard and Declarant issued an explanatory email which attached all of the subpoenas

23   issued by Plaintiffs' counsel and explained the sequence of events.  A copy of the email and

24   subpoenas are attached as Exhibit E and incorporated herein by reference.

25

26

14.     By email dated October 18, 2007, Bruce McIntosh confirmed again that he and his father waived all defects in any of the subpoenas issued by Plaintiffs and considered such subpoenas to be valid and binding with respect to his father.  A copy of the email is attached hereto as Exhibit F and incorporated by reference herein.

15.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed in Phoenix, Arizona.


DATED: October 30, 2007.

                                        KELLER ROHRBACK, P.L.C.
                                        By:  /s/ *Gary D. Greenwald*
                                        Gary D. Greenwald
                                        3101 North Central Avenue, Suite 1400
                                        Phoenix, Arizona 85012

# Exhibit
# A

1  | Juli E. Farris (SBN 141716)
2  | KELLER ROHRBACK, L.L.P.
   | 1201 Third Avenue, Suite 3200
3  | Seattle, Washington 98101
   | Telephone: (206) 623-1900
   | Facsimile: (206) 623-3384
4  | jfarris@kellerrohrback.com

5  | Matthew Righetti (SBN 121012)
   | RIGHETTI LAW FIRM, P.C.
6  | 456 Montgomery Street, Suite 1400
   | San Francisco, CA 94104
7  | Telephone:  (415) 983-0900
   | Facsimile: (415) 397-9005
8

9  | Attorneys for Plaintiffs
   | Additional Counsel on Signature Page
10

11 | **UNITED STATES DISTRICT COURT**
   | **FOR THE EASTERN DISTRICT OF CALIFORNIA**
12

GREGORY JOHNSON, WILLIAM
RODWELL, and EDWARD RANGEL,          )
                                     )
                                     )
            Plaintiffs,              )
      vs.                            )        No. 2:05-cv-02046 RRB KJM
                                     )
CLAIR R. COUTURIER, JR., DAVID R.    )        **AMENDED SUBPOENA FOR**
JOHANSON, ROBERT E. EDDY, and THE    )        **TESTIMONY**
NOLL MANUFACTURING COMPANY           )
EMPLOYEE STOCK OWNERSHIP PLAN AND)
TRUST,                               )
                                     )
            Defendants.              )
                                     )

**THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**
**TO:**

**Tom McIntosh**
**c/o Bruce McIntosh**
**Shapiro Buchman Provine & Patton, LLP**
**1333 North California Boulevard, Suite 350**
**Walnut Creek, California  94596**

1

**GREETINGS:**

Pursuant to Rule 45, Federal Rules of Civil Procedure, you are commanded to appear and give testimony as follows:

**DATE AND TIME OF
PRODUCTION OF DOCUMENTS:**          **November 12, 2007 at 9:30 a.m. (PST) and
                                     continuing on November 13, 2007 (if necessary)**

**PLACE OF PRODUCTION
OF DOCUMENTS:**                      **Offices of Shapiro Buchman Provine
                                         & Patton, LLP
                                     1333 North California Boulevard, Suite 350
                                     Walnut Creek, California 94596
                                     (925) 944-9700**

**BEFORE WHOM APPEARANCE
TO BE MADE:**                        **Court Reporter**

Rule 45 requires that the text of subdivisions (c) and (d) of the rule appear in the subpoena. Those subdivisions read as follows:

## (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection, copying, testing or sampling of designated electronically stored information, books, papers, documents or

tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing or sampling may within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

3(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

3

1     (iii) requires disclosure of privileged or other protected matter and no exception or

2 waiver applies; or

3     (iv) subjects a person to undue burden.

4     3(B) If a subpoena:

5     (i) requires disclosure of a trade secret or other confidential research, development,

6 or commercial information, or

7     (ii) requires disclosure of an unretained expert's opinion or information not

8 describing specific events or occurrences in dispute and resulting from the expert's study

9 made not at the request of any party, or

10

11     (iii) requires a person who is not a party or an officer of a party to incur substantial

12 expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

13 to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf

14 the subpoena is issued shows a substantial need for the testimony or material that cannot be

15 otherwise met without undue hardship and assures that the person to whom the subpoena is

16 addressed will be reasonably compensated, the court may order appearance or production only

17 upon specified conditions.

18

19

                     **(d) DUTIES IN RESPONDING TO SUBPOENA**

20

21     (1)(A) A person responding to a subpoena to produce documents shall produce them

22 as they are kept in the usual course of business or shall organize and label them to correspond

23 with the categories in the demand.

24     (1)(B) If a subpoena does not specify the form or forms for producing electronically

25 stored information, a person responding to a subpoena must produce the information in a form

26

or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(1)(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(1)(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(2)(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a

5

1  determination of the claim.  If the receiving party disclosed the information before being

2  notified, it must take reasonable steps to retrieve it.  The person who produced the

3  information must preserve the information until the claim is resolved.

4  ### (e) CONTEMPT

5  Failure of any person without adequate excuse to obey a subpoena served upon that

6  person may be deemed a contempt of the court from which the subpoena issued.  An

7  adequate cause for failure to obey exists when a subpoena purports to require a nonparty to

8  attend or produce at a place not within the limits provided by clause (ii) of subparagraph

9  (c)(3)(A).

10  DATED: September 12, 2007

11

12  KELLER ROHRBACK, P.L.C.
By: _____
13  Ron Kilgard
Gary A. Gotto
14  Gary D. Greenwald
3101 North Central Avenue, Suite 900
15  Phoenix, Arizona 85012

16  KELLER ROHRBACK, L.L.P.
Juli E. Farris
17  1201 Third Avenue, Suite 3200
Seattle, Washington 98101
18

19

20

21

22  Attorneys for Plaintiffs Johnson, Rangel, and
Morrell

SHAYNE NICHOLS, LLC
Stanley H. Shayne
Two Miranova Place, Suite 220
Columbus, Ohio 43215

DEGRAFF, FOY, KUNZ & DEVINE, LLP
Terence J. Devine
90 State Street, Suite 1100
Albany, New York 12207

RIGHETTI LAW FIRM, P.C.
Matthew Righetti
456 Montgomery Street, Suite 1400
San Francisco, California 94104

Attorneys for Plaintiff Rodwell

23

24

25

26

6

1

**CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that on September 12, 2007 the foregoing was

3 emailed to the following parties.

4

5      Theodore Becker
Morgan Lewis and Bockius LLP
6      77 West Wacker Drive
Chicago, Illinois 60601
7      Attorneys for Defendant Couturier

8      Donald Patrick Sullivan
M. Michael Cole
9      Morgan Lewis and Bockius LLP
Spear Street Tower
10     One Market Street, Suite 28
San Francisco, California 94105
11     Attorneys for Defendant Couturier

12
M. Taylor Florence
13     John E. Spomer, III
Bullivant Houser Bailey PC
14     1415 L Street, Suite 1000
Sacramento, California 95814
15     Attorneys for Defendant Noll Manufacturing Company
            Employee Stock Ownership Plan and Trust
16

17     Cynthia J. Larsen
Orrick Herrington & Sutcliffe LLP
18     400 Capitol Mall, Suite 3000
Sacramento, California 95814
19     Attorneys for Defendant
            The Employee Ownership Holding Company, Inc.
20

21     Christopher James Rillo
Dipal A. Shah
22     Lars C. Golumbic
The Groom Law Group
23     Groom Law Group Chartered
1701 Pennsylvania Avenue, N.W.
24     Washington, D.C. 20006-5811
Attorneys for Defendant Johanson
25

26

Natalie P. Vance
Klinedinst PC
1107 9th Street, Suite 680
Sacramento, California 95814
Attorneys for Defendant Johanson Berenson, LLP

Lois O. Rosenbaum
Stoel Reves LLP
900 S.W. 5th Avenue
Portland, Oregon 97221
Attorneys for Defendant Robert Eddy

Mary Jo Shartsis
Erick C. Howard
Shartsis Friese LLP
One Maritime Plaza, 18th Floor
San Francisco, California 94111
Attorneys for Defendant Pensco, Inc.

Ron Kilgard
Gary A. Gotto
Gary D. Greenwald
Keller Rohrback PLC
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Attorneys for Plaintiffs Johnson, Rangel and Morrell

Juli E. Farris
Keller Rohrback LLP
1201 Third Avenue, Suit 3200
Seattle, Washington 98101
Attorneys for Plaintiffs Johnson, Rangel and Morrell

Stanley Stayne
Shayne Nichols LLC
Two Miranova Place, Suite 220
Columbus, Ohio 43215
Attorneys for Plaintiff Rodwell

Terrence J. Devine
DeGraff, Foy, Holt-Harris & Kunz LLP
90 State Street
Albany, New York 12207
Attorneys for Plaintiff Rodwell

1  Matthew Righetti
   Righetti Law Firm PC
2  456 Montgomery Street, Suite 1400
   San Francisco, California 94104
3  Attorneys for Plaintiff Rodwell

4  Bruce A. McIntosh
   Shapiro Buchman Provine & Patton, L.L.P.
5  1333 North California Blvd., Suite 350
   Walnut Creek, California 94596
6  bmcintosh@sbllp.com
   Attorney for Tom McIntosh
7

8  Tenneley Mickel Reporting
   1730 I Street, Suite 240
9  Sacramento, California 95814
   Telephone: (916) 492-9021
10 Fax: (916) 492-9135
   tennreporting@sbcglobal.net
11

12

13

14

15

16  By: _____

17

18

19

20

21

22

23

24

25

26

Juli E. Farris (SBN 141716)
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
jfarris@kellerrohrback.com

Matthew Righetti (SBN 121012)
RIGHETTI LAW FIRM, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone:  (415) 983-0900
Facsimile: (415) 397-9005

Attorneys for Plaintiffs
Additional Counsel on Signature Page

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY JOHNSON, WILLIAM
RODWELL, and EDWARD RANGEL,

      Plaintiffs,

vs.

CLAIR R. COUTURIER, JR., DAVID R.
JOHANSON, ROBERT E. EDDY, and THE
NOLL MANUFACTURING COMPANY
EMPLOYEE STOCK OWNERSHIP PLAN AND
TRUST,

      Defendants.

No. 2:05-cv-02046 RRB KJM

**AMENDED NOTICE OF
DEPOSITION**

      Pursuant to Rule 30, Federal Rules of Civil Procedure, you are hereby notified that the deposition of the following person shall take place at the following place and time before an officer authorized by law to administer oaths:

**NAME OF PERSON:**      **Tom McIntosh**

**DATE OF DEPOSITION:**      **November 12, 2007 at 9:30 a.m. (PST) and continuing
on November 13, 2007 (if necessary)**

1

**PLACE OF DEPOSITION:**       Offices of Shapiro Buchman Provine & Patton, LLP
                               1333 North California Boulevard, Suite 350
                               Walnut Creek, California 94596
                               (925) 944-9700


        DATED: September 12, 2007


KELLER ROHRBACK, P.L.C.                    SHAYNE NICHOLS, LLC
By: _____                      Stanley H. Shayne
Ron Kilgard                                Two Miranova Place, Suite 220
Gary A. Gotto                              Columbus, Ohio 43215
Gary D. Greenwald
3101 North Central Avenue, Suite 900
Phoenix, Arizona 85012

KELLER ROHRBACK, L.L.P.                     DEGRAFF, FOY, KUNZ & DEVINE, LLP
Juli E. Farris                             Terence J. Devine
1201 Third Avenue, Suite 3200              90 State Street, Suite 1100
Seattle, Washington 98101                  Albany, New York 12207

                                           RIGHETTI LAW FIRM, P.C.
                                           Matthew Righetti
                                           456 Montgomery Street, Suite 1400
                                           San Francisco, California 94104

Attorneys for Plaintiffs Johnson, Rangel, and    Attorneys for Plaintiff Rodwell
Morrell

2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 12, 2007 the foregoing was emailed to the following parties.

Theodore Becker
Morgan Lewis and Bockius LLP
77 West Wacker Drive
Chicago, Illinois 60601
Attorneys for Defendant Couturier

Donald Patrick Sullivan
M. Michael Cole
Morgan Lewis and Bockius LLP
Spear Street Tower
One Market Street, Suite 28
San Francisco, California 94105
Attorneys for Defendant Couturier

M. Taylor Florence
John E. Spomer, III
Bullivant Houser Bailey PC
1415 L Street, Suite 1000
Sacramento, California 95814
Attorneys for Defendant Noll Manufacturing Company
        Employee Stock Ownership Plan and Trust

Cynthia J. Larsen
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814
Attorneys for Defendant
        The Employee Ownership Holding Company, Inc.

Christopher James Rillo
Dipal A. Shah
Lars C. Golumbic
The Groom Law Group
Groom Law Group Chartered
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-5811
Attorneys for Defendant Johanson

1

Natalie P. Vance
Klinedinst PC
2   1107 9th Street, Suite 680
Sacramento, California 95814
3   Attorneys for Defendant Johanson Berenson, LLP

4   Lois O. Rosenbaum
Stoel Reves LLP
5   900 S.W. 5th Avenue
Portland, Oregon 97221
6   Attorneys for Defendant Robert Eddy

7

Mary Jo Shartsis
8   Erick C. Howard
Shartsis Friese LLP
9   One Maritime Plaza, 18th Floor
San Francisco, California 94111
10  Attorneys for Defendant Pensco, Inc.

11

Ron Kilgard
12  Gary A. Gotto
Gary D. Greenwald
13  Keller Rohrback PLC
3101 North Central Avenue, Suite 1400
14  Phoenix, Arizona 85012
Attorneys for Plaintiffs Johnson, Rangel and Morrell
15

Juli E. Farris
16  Keller Rohrback LLP
1201 Third Avenue, Suit 3200
17  Seattle, Washington 98101
Attorneys for Plaintiffs Johnson, Rangel and Morrell
18

19  Stanley Stayne
Shayne Nichols LLC
20  Two Miranova Place, Suite 220
Columbus, Ohio 43215
21  Attorneys for Plaintiff Rodwell

22

Terrence J. Devine
23  DeGraff, Foy, Holt-Harris & Kunz LLP
90 State Street
24  Albany, New York 12207
Attorneys for Plaintiff Rodwell

25

26

4

1

Matthew Righetti
Righetti Law Firm PC

2

456 Montgomery Street, Suite 1400
San Francisco, California 94104

3

Attorneys for Plaintiff Rodwell

4

Bruce A. McIntosh
Shapiro Buchman Provine & Patton, L.L.P.

5

1333 North California Blvd., Suite 350
Walnut Creek, California 94596

6

bmcintosh@sbllp.com
Attorney for Tom McIntosh

7

8

Tenneley Mickel Reporting
1730 I Street, Suite 240

9

Sacramento, California 95814
Telephone: (916) 492-9021

10

Fax: (916) 492-9135
tennreporting@sbcglobal.net

11

12

13

14

15

16

By: _____

17

18

19

20

21

22

23

24

25

26

# Exhibit
# B

1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9   GREGORY JOHNSON, et al.,

10            Plaintiffs,                    No. CIV S-05-2046 RRB KJM

11        vs.

12   CLAIR COUTURIER, JR., et al.,

13            Defendants.                    ORDER

14   _____/

15            Defendant's motion to enforce deposition subpoena has been noticed for hearing

16   on November 7, 2007.  Upon review of the documents in support, no opposition having yet been

17   filed, THE COURT FINDS AND ORDERS AS FOLLOWS:

18            The subpoena defendant seeks to enforce is invalid inasmuch as the subpoena

19   issued from the Eastern District of California and notices the deposition in San Francisco, which

20   is located in the Northern District of California.  See Fed. R. Civ. P. 45(a)(2)(B); see generally

21   Kupritz v. Savannah College of Art & Design, 155 F.R.D. 84, 88 (E.D. Pa. 1994).  Accordingly,

22   the motion to enforce subpoena is denied without prejudice to its renewal after service of a valid

23   subpoena.

24   DATED:  October 3, 2007.

25

26   006 johnson-couturier.sub

                                              U.S. MAGISTRATE JUDGE

                                 1

# Exhibit C

## Gary Greenwald

| | |
|---|---|
| **From:** | Bruce A. McIntosh [bmcintosh@sbllp.com] |
| **Sent:** | Thursday, October 04, 2007 5:31 PM |
| **To:** | Gary Greenwald |
| **Subject:** | RE: Johnson, et al. v. Couturier, et al. |

I will and have waived all defects to your subpoena.  I will accept service from you in any manner.  Watch this space.

- BAM

# Exhibit
# D

## Debbie Heller

| | |
|---|---|
| **From:** | Bruce A. McIntosh [bmcintosh@sbllp.com] |
| **Sent:** | Thursday, October 04, 2007 4:50 PM |
| **To:** | Debbie Heller; tbecker@morganlewis.com; dpsullivan@morganlewis.com; mcole@morganlewis.com; taylor.florence@bullivant.com; john.spomer@bullivant.com; sue.matsler@bullivant.com; claudia.pohlman@bullivant.com; cjr@groom.com; lcg@groom.com; dshah@groom.com; lorosenbaum@stoel.com; NVance@Klinedinstlaw.com; ehoward@sflaw.com; mshartsis@sflaw.com; clarsen@orrick.com; sshayne@CMHLegal.com; tdevine@degraff-foy.com; matt@righettilaw.com; jglugoski@righettilaw.com; gdglaw@aol.com; jfarris@kellerrohrback.com; Ron Kilgard; Gary Gotto; Gary Greenwald |
| **Cc:** | tennreporting@sbcglobal.net |
| **Subject:** | RE: Johnson, et al. v. Couturier, et al. |
| **Attachments:** | Subpoena and Notice re McIntosh 9.12.07.pdf |



Subpoena and
Notice re McIntos...

To all Counsel:

Please be advised that Tom McIntosh will appear in WALNUT CREEK on November 12, 2007 at 9:30 a.m. for deposition pursuant to the attached subpoena.

SHAPIRO BUCHMAN PROVINE & PATTON LLP
By Bruce A. McIntosh

1333 N. California Blvd., Suite 350 * Walnut Creek, CA   94596
T: (925) 944-9700 * F: (925) 944-9701


The information in this electronic mail is intended for the named recipients only. Privileged or confidential information may be contained in this e-mail.  If you are not an addressee or responsible for delivering this e-mail to an addressee, do not copy or deliver it to anyone or you may incur legal liability. Instead, notify the sender immediately by either by calling the number above or replying to this e-mail, then destroy the message.  Thank you.

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.


-----Original Message-----
From: Debbie Heller [mailto:DHeller@kellerrohrback.com]
Sent: Wednesday, September 12, 2007 9:07 AM
To: tbecker@morganlewis.com; dpsullivan@morganlewis.com; mcole@morganlewis.com; taylor.florence@bullivant.com; john.spomer@bullivant.com; sue.matsler@bullivant.com; claudia.pohlman@bullivant.com; cjr@groom.com; lcg@groom.com; dshah@groom.com; lorosenbaum@stoel.com; NVance@Klinedinstlaw.com; ehoward@sflaw.com; mshartsis@sflaw.com; clarsen@orrick.com; sshayne@CMHLegal.com; tdevine@degraff-foy.com; matt@righettilaw.com; jglugoski@righettilaw.com; gdglaw@aol.com; jfarris@kellerrohrback.com; rkilgard@krplc.com; ggotto@krplc.com; Gary Greenwald
Cc: Bruce A. McIntosh; tennreporting@sbcglobal.net
Subject: Johnson, et al. v. Couturier, et al.


Attached is the Amended Notice of Deposition and Subpoena for Tom

1

McIntosh, November 12 and 13, 9:30 a.m. (PST).


September 12, 2007

Deborah M. Heller
Legal Assistant
Keller Rohrback, P.L.C.
(602) 230-6340
(602) 248-2822
dheller@kellerrohrback.com

CONFIDENTIALITY NOTE: This e-mail message contains information belonging
to the law firm of Keller Rohrback P.L.C., which may be privileged,
confidential and/or protected from disclosure.  The information is
intended only for the use of the individual or entity named above. If
you think that you have received this message in error, please e-mail
the sender.  If you are not the intended recipient, any dissemination,
distribution or copying is strictly prohibited.

# Exhibit
# E

## Debbie Heller

| | |
|---|---|
| **From:** | Ron Kilgard |
| **Sent:** | Friday, October 12, 2007 10:13 AM |
| **To:** | 'cjr@groom.com' |
| **Cc:** | 'Bruce A. McIntosh'; Debbie Heller; 'tbecker@morganlewis.com'; 'dpsullivan@morganlewis.com'; 'mcole@morganlewis.com'; 'taylor.florence@bullivant.com'; 'john.spomer@bullivant.com'; 'sue.matsler@bullivant.com'; 'claudia.pohlman@bullivant.com'; 'lcg@groom.com'; 'dshah@groom.com'; 'lorosenbaum@stoel.com'; 'NVance@Klinedinstlaw.com'; 'ehoward@sflaw.com'; 'mshartsis@sflaw.com'; 'clarsen@orrick.com'; 'sshayne@CMHLegal.com'; 'tdevine@degraff-foy.com'; 'matt@righettilaw.com'; 'jglugoski@righettilaw.com'; 'gdglaw@aol.com'; 'jfarris@kellerrohrback.com'; Gary Gotto; Gary Greenwald; Lynn Sarko |
| **Subject:** | NOII ESOP Case--McIntosh Subpoena Confusion |
| **Attachments:** | Subpoena to McIntosh EDCal.pdf; Subpoena to McIntosh NDCal.pdf |




Subpoena to          Subpoena to
McIntosh EDCal.pdf..McIntosh NDCal.pdf..

Chris,

Lynn Sarko called me this morning to relay your conversation with him about the McIntosh subpoena. I'm afraid you're under a misapprehension about the sequence of events. Here's what happened. On September 12, 2007, we sent an E.D. Cal. subpoena to Mr. McIntosh, with a copy served on everyone via email. A copy of it is attached. After the magistrate issued her ruling on Oct. 3, 2007, out of an abundance of caution (because Mr. McIntosh had already waived any technical defects in the subpoena), we here at KR Phx simply changed our existing E.D. Cal. subpoena to an N.D. Cal. subpoena and sent it to Bruce McIntosh. That subpoena is attached. In the rush of events, and because Debbie Heller, the paralegal on the case, was out of the office, we did not serve it on all other counsel, but are doing so now with this email. Bruce McIntosh did not change the earlier E.D. Cal. subpoena to a N.D. Cal. subpoena; we did that.

I hope this clear things up.

Ron.

Ron Kilgard
Mailing Address:
Keller Rohrback, P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, Arizona  85012
Phone:  602-230-6324 (office); 602-791-3772 (cell); 602-277-7731 (home)
Fax: 602-230-6360 (office)
E-Mail:  RKilgard@KellerRohrback.com
Web Site:  www.KellerRohrback.com
Confidentiality Notice:  This e-mail is for the sole use of the intended recipient, and it may contain attorney-client privileged or other confidential information. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please delete all copies and contact me immediately.

1
Juli E. Farris (SBN 141716)
KELLER ROHRBACK, L.L.P.
2
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
3
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
4
jfarris@kellerrohrback.com

5
Matthew Righetti (SBN 121012)
RIGHETTI LAW FIRM, P.C.
6
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
7
Telephone: (415) 983-0900
Facsimile: (415) 397-9005
8

9
Attorneys for Plaintiffs
Additional Counsel on Signature Page
10

11
## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

12
GREGORY JOHNSON, WILLIAM
13
RODWELL, and EDWARD RANGEL,

14
       Plaintiffs,
    vs.
15

16
CLAIR R. COUTURIER, JR., DAVID R.
JOHANSON, ROBERT E. EDDY, and THE
17
NOLL MANUFACTURING COMPANY
EMPLOYEE STOCK OWNERSHIP PLAN AND
18
TRUST,

19
       Defendants.
20

No. 2:05-cv-02046 RRB KJM

**AMENDED SUBPOENA FOR
TESTIMONY**

21
## THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
22
## TO:

23
**Tom McIntosh**
**c/o Bruce McIntosh**
24
**Shapiro Buchman Provine & Patton, LLP**
**1333 North California Boulevard, Suite 350**
25
**Walnut Creek, California  94596**
26

1

**GREETINGS:**

Pursuant to Rule 45, Federal Rules of Civil Procedure, you are commanded to appear and give testimony as follows:

| | |
|---|---|
| **DATE AND TIME OF PRODUCTION OF DOCUMENTS:** | **November 12, 2007 at 9:30 a.m. (PST) and continuing on November 13, 2007 (if necessary)** |
| **PLACE OF PRODUCTION OF DOCUMENTS:** | **Offices of Shapiro Buchman Provine & Patton, LLP 1333 North California Boulevard, Suite 350 Walnut Creek, California 94596 (925) 944-9700** |
| **BEFORE WHOM APPEARANCE TO BE MADE:** | **Court Reporter** |

Rule 45 requires that the text of subdivisions (c) and (d) of the rule appear in the subpoena. Those subdivisions read as follows:

## (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing or sampling of designated electronically stored information, books, papers, documents or

tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing or sampling may within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

3(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

3(B)  If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(1)(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form

or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(1)(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(1)(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(2)(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a

determination of the claim.  If the receiving party disclosed the information before being

notified, it must take reasonable steps to retrieve it.  The person who produced the

information must preserve the information until the claim is resolved.

### (e) CONTEMPT

Failure of any person without adequate excuse to obey a subpoena served upon that

person may be deemed a contempt of the court from which the subpoena issued.  An

adequate cause for failure to obey exists when a subpoena purports to require a nonparty to

attend or produce at a place not within the limits provided by clause (ii) of subparagraph

(c)(3)(A).

DATED: September 12, 2007

KELLER ROHRBACK, P.L.C.
By: _Greenwald_
Ron Kilgard
Gary A. Gotto
Gary D. Greenwald
3101 North Central Avenue, Suite 900
Phoenix, Arizona 85012

SHAYNE NICHOLS, LLC
Stanley H. Shayne
Two Miranova Place, Suite 220
Columbus, Ohio 43215

KELLER ROHRBACK, L.L.P.
Juli E. Farris
1201 Third Avenue, Suite 3200
Seattle, Washington 98101

DEGRAFF, FOY, KUNZ & DEVINE, LLP
Terence J. Devine
90 State Street, Suite 1100
Albany, New York 12207

RIGHETTI LAW FIRM, P.C.
Matthew Righetti
456 Montgomery Street, Suite 1400
San Francisco, California 94104

Attorneys for Plaintiffs Johnson, Rangel, and
Morrell

Attorneys for Plaintiff Rodwell

1

### CERTIFICATE OF SERVICE

2          The undersigned hereby certifies that on September 12, 2007 the foregoing was

3    emailed to the following parties.

4

5          Theodore Becker
           Morgan Lewis and Bockius LLP
6          77 West Wacker Drive
           Chicago, Illinois 60601
7          Attorneys for Defendant Couturier

8          Donald Patrick Sullivan
           M. Michael Cole
9          Morgan Lewis and Bockius LLP
           Spear Street Tower
10         One Market Street, Suite 28
           San Francisco, California 94105
11         Attorneys for Defendant Couturier

12
           M. Taylor Florence
13         John E. Spomer, III
           Bullivant Houser Bailey PC
14         1415 L Street, Suite 1000
           Sacramento, California 95814
15         Attorneys for Defendant Noll Manufacturing Company
                   Employee Stock Ownership Plan and Trust
16

17         Cynthia J. Larsen
           Orrick Herrington & Sutcliffe LLP
18         400 Capitol Mall, Suite 3000
           Sacramento, California 95814
19         Attorneys for Defendant
                   The Employee Ownership Holding Company, Inc.
20

21         Christopher James Rillo
           Dipal A. Shah
22         Lars C. Golumbic
           The Groom Law Group
23         Groom Law Group Chartered
           1701 Pennsylvania Avenue, N.W.
24         Washington, D.C. 20006-5811
           Attorneys for Defendant Johanson
25

26

7

Natalie P. Vance
Klinedinst PC
1107 9th Street, Suite 680
Sacramento, California  95814
Attorneys for Defendant Johanson Berenson, LLP

Lois O. Rosenbaum
Stoel Reves LLP
900 S.W. 5th Avenue
Portland, Oregon  97221
Attorneys for Defendant Robert Eddy

Mary Jo Shartsis
Erick C. Howard
Shartsis Friese LLP
One Maritime Plaza, 18th Floor
San Francisco, California 94111
Attorneys for Defendant Pensco, Inc.

Ron Kilgard
Gary A. Gotto
Gary D. Greenwald
Keller Rohrback PLC
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
Attorneys for Plaintiffs Johnson, Rangel and Morrell

Juli E. Farris
Keller Rohrback LLP
1201 Third Avenue, Suit 3200
Seattle, Washington 98101
Attorneys for Plaintiffs Johnson, Rangel and Morrell

Stanley Stayne
Shayne Nichols LLC
Two Miranova Place, Suite 220
Columbus, Ohio 43215
Attorneys for Plaintiff Rodwell

Terrence J. Devine
DeGraff, Foy, Holt-Harris & Kunz LLP
90 State Street
Albany, New York 12207
Attorneys for Plaintiff Rodwell

1
2
3

Matthew Righetti
Righetti Law Firm PC
456 Montgomery Street, Suite 1400
San Francisco, California 94104
Attorneys for Plaintiff Rodwell

4
5
6
7

Bruce A. McIntosh
Shapiro Buchman Provine & Patton, L.L.P.
1333 North California Blvd., Suite 350
Walnut Creek, California 94596
bmcintosh@sbllp.com
Attorney for Tom McIntosh

8
9
10
11

Tenneley Mickel Reporting
1730 I Street, Suite 240
Sacramento, California 95814
Telephone: (916) 492-9021
Fax: (916) 492-9135
tennreporting@sbcglobal.net

12
13
14
15
16
17

By: _H Greenwald_

18
19
20
21
22
23
24
25
26

1  Juli E. Farris (SBN 141716)
   KELLER ROHRBACK, L.L.P.
2  1201 Third Avenue, Suite 3200
   Seattle, Washington 98101
3  Telephone: (206) 623-1900
   Facsimile: (206) 623-3384
4  jfarris@kellerrohrback.com

5  Matthew Righetti (SBN 121012)
   RIGHETTI LAW FIRM, P.C.
6  456 Montgomery Street, Suite 1400
   San Francisco, CA 94104
7  Telephone:  (415) 983-0900
   Facsimile: (415) 397-9005
8

9  Attorneys for Plaintiffs
   Additional Counsel on Signature Page
10

## UNITED STATES DISTRICT COURT
11
## FOR THE EASTERN DISTRICT OF CALIFORNIA

12  GREGORY JOHNSON, WILLIAM           )
13  RODWELL, and EDWARD RANGEL,        )
                                       )
14          Plaintiffs,                )
            vs.                        )      No. 2:05-cv-02046 RRB KJM
15                                     )
    CLAIR R. COUTURIER, JR., DAVID R.  )      **AMENDED NOTICE OF**
16  JOHANSON, ROBERT E. EDDY, and THE  )      **DEPOSITION**
    NOLL MANUFACTURING COMPANY         )
17  EMPLOYEE STOCK OWNERSHIP PLAN AND  )
    TRUST,                             )
18                                     )
                                       )
19          Defendants.                )
                                       )
20

21          Pursuant to Rule 30, Federal Rules of Civil Procedure, you are hereby notified that the

22  deposition of the following person shall take place at the following place and time before an

23  officer authorized by law to administer oaths:

24  **NAME OF PERSON:**           **Tom McIntosh**

25  **DATE OF DEPOSITION:**       **November 12, 2007 at 9:30 a.m. (PST) and continuing
26                                 on November 13, 2007 (if necessary)**

1

1  **PLACE OF DEPOSITION:**           **Offices of Shapiro Buchman Provine & Patton, LLP**
2                                      **1333 North California Boulevard, Suite 350**
                                       **Walnut Creek, California 94596**
3                                      **(925) 944-9700**

4

5          DATED: September 12, 2007

6

7  KELLER ROHRBACK, P.L.C.                    SHAYNE NICHOLS, LLC
8  By: _____               Stanley H. Shayne
   Ron Kilgard                                Two Miranova Place, Suite 220
9  Gary A. Gotto                              Columbus, Ohio 43215
   Gary D. Greenwald
10 3101 North Central Avenue, Suite 900
   Phoenix, Arizona 85012
11
12 KELLER ROHRBACK, L.L.P.                    DEGRAFF, FOY, KUNZ & DEVINE, LLP
   Juli E. Farris                             Terence J. Devine
13 1201 Third Avenue, Suite 3200             90 State Street, Suite 1100
   Seattle, Washington 98101                  Albany, New York 12207
14
15                                            RIGHETTI LAW FIRM, P.C.
                                              Matthew Righetti
16                                            456 Montgomery Street, Suite 1400
                                              San Francisco, California 94104
17
   Attorneys for Plaintiffs Johnson, Rangel, and    Attorneys for Plaintiff Rodwell
18 Morrell

19

20

21

22

23

24

25

26

1

## CERTIFICATE OF SERVICE

2      The undersigned hereby certifies that on September 12, 2007 the foregoing was

3 emailed to the following parties.

4

5      Theodore Becker
       Morgan Lewis and Bockius LLP
6      77 West Wacker Drive
       Chicago, Illinois 60601
7      Attorneys for Defendant Couturier

8      Donald Patrick Sullivan
       M. Michael Cole
9      Morgan Lewis and Bockius LLP
       Spear Street Tower
10     One Market Street, Suite 28
       San Francisco, California 94105
11     Attorneys for Defendant Couturier

12
       M. Taylor Florence
13     John E. Spomer, III
       Bullivant Houser Bailey PC
14     1415 L Street, Suite 1000
       Sacramento, California 95814
15     Attorneys for Defendant Noll Manufacturing Company
                Employee Stock Ownership Plan and Trust
16

17     Cynthia J. Larsen
       Orrick Herrington & Sutcliffe LLP
18     400 Capitol Mall, Suite 3000
       Sacramento, California 95814
19     Attorneys for Defendant
                The Employee Ownership Holding Company, Inc.
20

21     Christopher James Rillo
       Dipal A. Shah
22     Lars C. Golumbic
       The Groom Law Group
23     Groom Law Group Chartered
       1701 Pennsylvania Avenue, N.W.
24     Washington, D.C. 20006-5811
       Attorneys for Defendant Johanson
25

26

1    Natalie P. Vance
     Klinedinst PC
2    1107 9th Street, Suite 680
     Sacramento, California 95814
3    Attorneys for Defendant Johanson Berenson, LLP

4    Lois O. Rosenbaum
     Stoel Reves LLP
5    900 S.W. 5th Avenue
     Portland, Oregon 97221
6    Attorneys for Defendant Robert Eddy

7
     Mary Jo Shartsis
8    Erick C. Howard
     Shartsis Friese LLP
9    One Maritime Plaza, 18th Floor
     San Francisco, California 94111
10   Attorneys for Defendant Pensco, Inc.

11
     Ron Kilgard
12   Gary A. Gotto
     Gary D. Greenwald
13   Keller Rohrback PLC
     3101 North Central Avenue, Suite 1400
14   Phoenix, Arizona 85012
     Attorneys for Plaintiffs Johnson, Rangel and Morrell
15
     Juli E. Farris
16   Keller Rohrback LLP
     1201 Third Avenue, Suit 3200
17   Seattle, Washington 98101
     Attorneys for Plaintiffs Johnson, Rangel and Morrell
18

19   Stanley Stayne
     Shayne Nichols LLC
20   Two Miranova Place, Suite 220
     Columbus, Ohio 43215
21   Attorneys for Plaintiff Rodwell

22
     Terrence J. Devine
23   DeGraff, Foy, Holt-Harris & Kunz LLP
     90 State Street
24   Albany, New York 12207
     Attorneys for Plaintiff Rodwell

25

26

4

1

Matthew Righetti
Righetti Law Firm PC

2

456 Montgomery Street, Suite 1400
San Francisco, California 94104

3

Attorneys for Plaintiff Rodwell

4

Bruce A. McIntosh
Shapiro Buchman Provine & Patton, L.L.P.

5

1333 North California Blvd., Suite 350
Walnut Creek, California 94596

6

bmcintosh@sbllp.com

7

Attorney for Tom McIntosh

8

Tenneley Mickel Reporting
1730 I Street, Suite 240

9

Sacramento, California 95814
Telephone: (916) 492-9021

10

Fax: (916) 492-9135
tennreporting@sbcglobal.net

11

12

13

14

15

16    By: _____

17

18

19

20

21

22

23

24

25

26

5

1  Juli E. Farris (SBN 141716)
   KELLER ROHRBACK, L.L.P.
2  1201 Third Avenue, Suite 3200
   Seattle, Washington 98101
3  Telephone: (206) 623-1900
   Facsimile: (206) 623-3384
4  jfarris@kellerrohrback.com

5  Matthew Righetti (SBN 121012)
   RIGHETTI LAW FIRM, P.C.
6  456 Montgomery Street, Suite 1400
   San Francisco, CA 94104
7  Telephone:  (415) 983-0900
   Facsimile: (415) 397-9005
8

9  Attorneys for Plaintiffs
   Additional Counsel on Signature Page
10

11              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  GREGORY JOHNSON, WILLIAM              )
13  RODWELL, and EDWARD RANGEL,           )
                                          )
14          Plaintiffs,                   )
            vs.                           )   Pending in the United States District
15                                        )   Court, for the Eastern District of
    CLAIR R. COUTURIER, JR., DAVID R.     )   California:
16  JOHANSON, ROBERT E. EDDY, and THE     )   Cause No. 2:05-cv-02046 RRB KJM
    NOLL MANUFACTURING COMPANY            )
17  EMPLOYEE STOCK OWNERSHIP PLAN AND)    )   SUBPOENA FOR TESTIMONY
    TRUST,                                )
18                                        )
19          Defendants.                   )
                                          )
20  _____ )

21        THE UNITED STATES DISTRICT COURT FOR THE
               NORTHERN DISTRICT OF CALIFORNIA
22                          TO:

23                   Tom McIntosh
                  c/o Bruce McIntosh
24        Shapiro Buchman Provine & Patton, LLP
          1333 North California Boulevard, Suite 350
25             Walnut Creek, California  94596

26

                            1

1  **GREETINGS:**

2

3       Pursuant to Rule 45, Federal Rules of Civil Procedure, you are commanded to appear

4  and give testimony as follows:

5  **DATE AND TIME OF**
   **PRODUCTION OF DOCUMENTS:**
6                                    November 12, 2007 at 9:30 a.m. (PST) and
                                     continuing on November 13, 2007 (if necessary)
7  **PLACE OF PRODUCTION**
   **OF DOCUMENTS:**
8                                    Offices of Shapiro Buchman Provine
                                          & Patton, LLP
9                                    1333 North California Boulevard, Suite 350
                                     Walnut Creek, California 94596
10                                   (925) 944-9700

11 **BEFORE WHOM APPEARANCE**
   **TO BE MADE:**
12                                   Court Reporter

13      Rule 45 requires that the text of subdivisions (c) and (d) of the rule appear in the

14 subpoena.  Those subdivisions read as follows:

15               **(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS**

16

17      (1)  A party or an attorney responsible for the issuance and service of a subpoena shall

18 take reasonable steps to avoid imposing undue burden or expense on a person subject to that

19 subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and

20 impose upon the party or attorney in breach of this duty an appropriate sanction, which may

21 include, but is not limited to, lost earnings and a reasonable attorney's fee.

22      (2)(A)  A person commanded to produce and permit inspection, copying, testing or

23 sampling of designated electronically stored information, books, papers, documents or

24 tangible things, or inspection of premises need not appear in person at the place of production

25 or inspection unless commanded to appear for deposition, hearing or trial.

26

                                        2

1       (2)(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and

2  permit inspection, copying, testing or sampling may within 14 days after service of the

3  subpoena or before the time specified for compliance if such time is less than 14 days after

4  service, serve upon the party or attorney designated in the subpoena written objection to any

5  or all of the designated materials or inspection of the premises – or to producing electronically

6  stored information in the form or forms requested.  If objection is made, the party serving the

7  subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the

8  premises except pursuant to an order of the court by which the subpoena was issued.  If

9  objection has been made, the party serving the subpoena may, upon notice to the person

10  commanded to produce, move at any time for an order to compel the production, inspection,

11  copying, testing, or sampling.  Such an order to compel shall protect any person who is not a

12  party or an officer of a party from significant expense resulting from the inspection, copying,

13  testing, or sampling commanded.

14       3(A)  On timely motion, the court by which a subpoena was issued shall quash or

15  modify the subpoena if it:

16       (i) fails to allow reasonable time for compliance;

17       (ii) requires a person who is not a party or an officer of a party to travel to a place

18  more than 100 miles from the place where that person resides, is employed or regularly

19  transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of

20  this rule, such a person may in order to attend trial be commanded to travel from any such

21  place within the state in which the trial is held;

22       (iii) requires disclosure of privileged or other protected matter and no exception or

23  waiver applies; or

24       (iv) subjects a person to undue burden.

25       3(B)  If a subpoena:

26

3

1          (i) requires disclosure of a trade secret or other confidential research, development,

2  or commercial information, or

3          (ii) requires disclosure of an unretained expert's opinion or information not

4  describing specific events or occurrences in dispute and resulting from the expert's study

5  made not at the request of any party, or

6          (iii) requires a person who is not a party or an officer of a party to incur substantial

7  expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

8  to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf

9  the subpoena is issued shows a substantial need for the testimony or material that cannot be

10  otherwise met without undue hardship and assures that the person to whom the subpoena is

11  addressed will be reasonably compensated, the court may order appearance or production only

12  upon specified conditions.

13

14                              **(d) DUTIES IN RESPONDING TO SUBPOENA**

15          (1)(A) A person responding to a subpoena to produce documents shall produce them

16  as they are kept in the usual course of business or shall organize and label them to correspond

17  with the categories in the demand.

18          (1)(B) If a subpoena does not specify the form or forms for producing electronically

19  stored information, a person responding to a subpoena must produce the information in a form

20  or forms in which the person ordinarily maintains it or in a form or forms that are reasonably

21  usable.

22          (1)(C) A person responding to a subpoena need not produce the same electronically

23  stored information in more than one form.

24          (1)(D) A person responding to a subpoena need not provide discovery of electronically

25  stored information from sources that the person identifies as not reasonably accessible

26

because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(2)(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

### (e) CONTEMPT

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

5

1         DATED: September 12, 2007

2   KELLER ROHRBACK, P.L.C.              SHAYNE NICHOLS, LLC
    By: _____          Stanley H. Shayne
3   Ron Kilgard                          Two Miranova Place, Suite 220
    Gary A. Gotto                        Columbus, Ohio 43215
4   Gary D. Greenwald
    3101 North Central Avenue, Suite 900
5   Phoenix, Arizona 85012

6   KELLER ROHRBACK, L.L.P.              DEGRAFF, FOY, KUNZ & DEVINE, LLP
    Juli E. Farris                       Terence J. Devine
7   1201 Third Avenue, Suite 3200        90 State Street, Suite 1100
    Seattle, Washington 98101            Albany, New York 12207
8

9                                        RIGHETTI LAW FIRM, P.C.
                                         Matthew Righetti
10                                       456 Montgomery Street, Suite 1400
                                         San Francisco, California 94104
11

12  Attorneys for Plaintiffs Johnson, Rangel, and    Attorneys for Plaintiff Rodwell
    Morrell

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 12, 2007 the foregoing was emailed to the following parties.

Theodore Becker
Morgan Lewis and Bockius LLP
77 West Wacker Drive
Chicago, Illinois 60601
Attorneys for Defendant Couturier

Donald Patrick Sullivan
M. Michael Cole
Morgan Lewis and Bockius LLP
Spear Street Tower
One Market Street, Suite 28
San Francisco, California 94105
Attorneys for Defendant Couturier

M. Taylor Florence
John E. Spomer, III
Bullivant Houser Bailey PC
1415 L Street, Suite 1000
Sacramento, California 95814
Attorneys for Defendant Noll Manufacturing Company
            Employee Stock Ownership Plan and Trust

Cynthia J. Larsen
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814
Attorneys for Defendant
            The Employee Ownership Holding Company, Inc.

Christopher James Rillo
Dipal A. Shah
Lars C. Golumbic
The Groom Law Group
Groom Law Group Chartered
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-5811
Attorneys for Defendant Johanson

1   Natalie P. Vance
    Klinedinst PC
2   1107 9th Street, Suite 680
    Sacramento, California  95814
3   Attorneys for Defendant Johanson Berenson, LLP

4   Lois O. Rosenbaum
    Stoel Reves LLP
5   900 S.W. 5th Avenue
    Portland, Oregon  97221
6   Attorneys for Defendant Robert Eddy

7   Mary Jo Shartsis
    Erick C. Howard
8   Shartsis Friese LLP
9   One Maritime Plaza, 18th Floor
    San Francisco, California 94111
10  Attorneys for Defendant Pensco, Inc.

11  Ron Kilgard
    Gary A. Gotto
12  Gary D. Greenwald
    Keller Rohrback PLC
13  3101 North Central Avenue, Suite 1400
14  Phoenix, Arizona 85012
    Attorneys for Plaintiffs Johnson, Rangel and Morrell
15
    Juli E. Farris
16  Keller Rohrback LLP
    1201 Third Avenue, Suit 3200
17  Seattle, Washington 98101
    Attorneys for Plaintiffs Johnson, Rangel and Morrell
18
19  Stanley Shayne
    Shayne Nichols LLC
20  Two Miranova Place, Suite 220
    Columbus, Ohio 43215
21  Attorneys for Plaintiff Rodwell

22  Terrence J. Devine
    DeGraff, Foy, Holt-Harris & Kunz LLP
23  90 State Street
24  Albany, New York 12207
    Attorneys for Plaintiff Rodwell

25

26

8

1

Matthew Righetti
Righetti Law Firm PC

2

456 Montgomery Street, Suite 1400
San Francisco, California 94104

3

Attorneys for Plaintiff Rodwell

4

Bruce A. McIntosh

5

Shapiro Buchman Provine & Patton, L.L.P.
1333 North California Blvd., Suite 350

6

Walnut Creek, California 94596
bmcintosh@sbllp.com

7

Attorney for Tom McIntosh

8

Tenneley Mickel Reporting
1730 I Street, Suite 240

9

Sacramento, California 95814
Telephone: (916) 492-9021

10

Fax: (916) 492-9135
tennreporting@sbcglobal.net

11

12

13

14

15

16

By: _____

17

18

19

20

21

22

23

24

25

26

# Exhibit F

## Gary Greenwald

| | |
|---|---|
| **From:** | Bruce A. McIntosh [bmcintosh@sbllp.com] |
| **Sent:** | Thursday, October 18, 2007 3:28 PM |
| **To:** | Gary Greenwald |
| **Cc:** | Tom & Marise McIntosh |
| **Subject:** | FW: Johnson v. Courtier - Depo of Tom McIntosh |

Mr. Greenwald:

This is to confirm that your office has served two subpoenas on Tom McIntosh, a non-party witness, for deposition. The witness, who is 77 years old, requested the depositions occur in Walnut Creek, CA; and you graciously obliged.

The first subpoena was an Eastern District subpoena served on August 31, 2007, which was amended on September 12, noticing the deposition for November 12 and 13, 2007. Mr. McIntosh waived all deficiencies related to the subpoena, including that it was issued by the Eastern District for an event to occur in the Northern District. Mr. McIntosh still considers this a valid, effective subpoena that requires his appearance in Walnut Creek, CA.

On October 4, 2007, we were served by email with another subpoena from your office, identical to the first except issued by the Northern District. Although this subpoena was unsigned, the witness waived all such defects and understands he is under court order to appear in Walnut Creek as set forth in the subpoena(s).

**SHAPIRO BUCHMAN PROVINE & PATTON LLP**
By Bruce A. McIntosh

*1333 N. California Blvd., Suite 350 • Walnut Creek, CA 94596*
*T: (925) 944-9700 • F: (925) 944-9701*

*The information in this electronic mail is intended for the named recipients only. Privileged or confidential information may be contained in this e-mail. If you are not an addressee or responsible for delivering this e-mail to an addressee, do not copy or deliver it to anyone or you may incur legal liability. Instead, notify the sender immediately by either by calling the number above or replying to this e-mail, then destroy the message. Thank you.*

*IRS Circular 230 disclosure:*
*To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.*

10/18/2007