**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                               NORTHERN DISTRICT OF CALIFORNIA

10

11   Gregory Johnson,                              No. C 07-80247 CRB (JL) MISC

12              Plaintiff,

13      v.                                         **ORDER**
                                                   **(Denying Docket # 1, granting Docket**
14   Clair Couturier, Jr, et al.,                  **#s 4, 11 and 13)**

15              Defendants.
     _____/

16

17          All discovery in this case has been referred by the district court (Hon. Charles R.

18   Breyer) pursuant to 28 U.S.C. §636(b) and Civil Local Rule 73. This Court received

19   Defendants' motion to enforce deposition subpoena or in the alternative for a protective

20   order moving the deposition to San Francisco. In addition the Court received an ex parte

21   application for an order shortening time and the motions for joinder of additional

22   defendants.

23          The witness, Thomas McIntosh, served as outside counsel for Noll Corporation,

24   which maintained the Employee Stock Ownership Plan ("ESOP") which is the subject of

25   this lawsuit. Defendants' motion to enforce their deposition subpoena was denied by

26   Magistrate Judge Mueller of the Eastern District, as invalid. It had been issued out of the

27   Eastern District for a deposition to be taken in the Northen District. (Ex. B to Greenwald

28   Declaration). Plaintiff's counsel Gary D. Greenwald, upon notice of Judge Mueller's order,

**United States District Court**

For the Northern District of California

1  contacted Bruce McIntosh, in his capacity as attorney for Thomas McIntosh, who agreed to

2  waive any defects in the subpoena and produce his father for deposition in Walnut Creek.

3  (See e-mails at Ex. C, D and F to Greenwald Declaration). Plaintiffs' counsel then made his

4  own travel arrangements to fly from Phoenix, Arizona to Oakland Airport.

5  　　　Defendants personally served Mr. McIntosh with a subpoena setting his deposition

6  for November 12 and 13, 2007 in San Francisco. The next day, Plaintiffs mailed a notice

7  and subpoena calling for Mr. McIntosh's deposition to proceed on the same dates in Walnut

8  Creek. Plaintiffs do not object to the deposition proceeding in San Francisco. Defendants

9  do not contend that they conferred with the witness prior to serving him with the subpoena.

10  　　　Bruce McIntosh, as his father's attorney for the deposition, has stated that his father

11  will not appear for deposition in San Francisco. He has not offered any medical reason.

12  Defendants offered to accommodate Mr. McIntosh by paying for parking and starting the

13  deposition late. Defense counsel spoke with Mr. McIntosh three times to try to persuade

14  him to come to San Francisco. Counsel rejects the contention that Walnut Creek is

15  convenient to San Francisco International Airport or reachable from the City by Route 24.

16  (Ex. G to Rillo Declaration - e-mail to Bruce McIntosh.

17  　　　Defense counsel prefer that the deposition take place in San Francisco due to cost.

18  They contend that the additional expense and time for travel will amount to $10,000, further

19  draining the insurance policy which is funding the defense. Counsel for the three

20  defendants will travel from Portland, Oregon, Chicago, Illinois and Washington, D.C.

21  Additional counsel for the ESOP and nominal parties will be coming from San Francisco

22  and Sacramento. Counsel contends that the cost of ten counsel attending the deposition in

23  Walnut Creek for two days of testimony will amount to $10,000. He does not estimate the

24  cost of their attendance in San Francisco.

25  　　　The Court finds the matter suitable for submission without oral argument pursuant to

26  Civil Local Rule 7-1(b). The Court considered the parties' pleadings and hereby grants the

27  motion to shorten time and the motions for joinder and denies the motion to enforce the

28

**United States District Court**
For the Northern District of California

1  subpoena or for a protective order moving the deposition of Thomas McIntosh to San

2  Francisco.

3        The witness has shown good cause for permitting him to appear in the location of his

4  choice, especially since he is a non-party, 77 years of age, being deposed for two days at

5  seven hours per day. The fact that he is still practicing as an attorney does not diminish the

6  stress of a two-day deposition. He lives in Moraga, California and his law office is located in

7  nearby Lafayette. His son maintains a law office in Walnut Creek, and represents him for

8  this deposition. It is entirely reasonable for him to want to be deposed in his attorney's law

9  office and the convenience of a third party witness is to be protected, as provided by Rule

10 45, Federal Rules of Civil Procedure.  Defendant's assertion of the purported additional

11 expense and inconvenience for counsel to travel to Walnut Creek is outweighed by the right

12 of the witness to be deposed in a reasonable location of his choice. If counsel had

13 conferred with the witness prior to noticing his deposition, they could have made their travel

14 plans through Oakland Airport and obviated their own difficulties.

15        Accordingly Defendants' motion for protective order is denied and the deposition

16 shall go forward in Walnut Creek.

17        IT IS SO ORDERED.

18 DATED: November 5,  2007

19

20                                              _____
                                                     JAMES LARSON
21                                                   Chief Magistrate Judge

22

23

24
   G:\JLALL\CHAMBERS\CASES\CIV-REF\07-80247\order-deny-1-grant-4,11,13.wpd
25

26

27

28

C-07-80247 - ORDER                                                          Page 3 of  3